# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KRISTINE ANN LIEVEN,

                Plaintiff,

v.

JEREMY DEPPISCH, CAPTAIN IACCUCI, SUSAN NYGREN, and R.N. OWENS,

                Defendants.

Case No. 18-CV-1409-JPS

**ORDER**

On October 9, 2018, the Court screened Plaintiff's complaint as required by 28 U.S.C. § 1915A. (Docket #7). The Court found that the complaint failed to state any viable grounds for relief. *Id.* at 3–4. The Court afforded Plaintiff an opportunity to amend her pleading no later than October 30, 2018. *Id.* at 4–5. Plaintiff filed an amended complaint on October 17, 2018. (Docket #8). The Court must now screen that pleading, and all the same standards announced in the original screening order apply here. (Docket #7 at 1–3).

Plaintiff's amended complaint alleges that on August 30, 2017, she was in severe pain and had other distressing symptoms, such as numbness and sensitivity to light and sound. (Docket #8 at 2–3). Defendant Jeremy Deppisch ("Deppisch"), a nurse, performed a medical evaluation of Plaintiff. *Id.* Deppisch allegedly told Plaintiff that if she went to the hospital, she would forfeit participation in a release program. *Id.* Plaintiff took this as a threat, requiring her to choose between medical care and participation in the program. *Id.* Plaintiff apparently responded that she did want to be

hospitalized, and she also complained about receiving inadequate healthcare services up to that point. *Id.*

After the evaluation, Deppisch spoke to the on-call doctor, who determined that Plaintiff should be sent to the hospital in an ambulance. *Id.* at 3. Deppisch also notified Defendant Captain Iaccuci ("Iaccuci") of his discussion with Plaintiff. *Id.* Apparently frustrated with Plaintiff and her comments, Iaccuci canceled the ambulance and sent Plaintiff back to her cell to rest. *Id.* Plaintiff alleges that she was not seen again by a doctor until mid-September, despite her continued pain and other symptoms. *Id.* at 3–4.

Plaintiff later reviewed her medical records in January 2018. *Id.* at 4–5. She claims that Deppisch altered his nursing encounter notes to "cover up" for Iaccuci's wrongdoing, though it is unclear precisely how they were changed, and what import the changes had. *Id.* at 5. It seems that Defendant R.N. Owens ("Owens") somehow helped Deppisch in doing this. *Id.* at 5. Finally, Plaintiff states that Defendant Susan Nygren ("Nygren"), the health services unit manager, was aware of these alterations but did nothing about it. *Id.*

Iaccuci's conduct implicates Plaintiff's Eighth Amendment right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' – i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–53 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834

(1994) (internal citations omitted)). Making all reasonable inferences in Plaintiff's favor, and generously construing her allegations, Plaintiff had a serious medical condition. The Court infers that Iaccuci knew of the condition and disregarded it by cancelling the ambulance, even though the ambulance had been ordered by a doctor. Iaccuci's conduct denied Plaintiff care for her pain and other symptoms for a matter of weeks. Though the evidence adduced in this case may ultimately prove otherwise, for now, Plaintiff has stated a claim for violation of her Eighth Amendment rights.

Plaintiff has failed to state viable claims against any of the other defendants. Deppisch's "threat," if it could be considered that, was meaningless, as the on-call doctor in fact ordered Plaintiff to be sent to the hospital. Further, it was Iaccuci and not Deppisch who countermanded the ambulance order. As a nurse, Deppisch would have no authority to override Iaccuci, who was a captain of the security staff. Finally, whether or not Deppisch, Owens, or Nygren tried to "cover up" Iaccuci's conduct, they did not violate Plaintiff's Eighth Amendment rights. Their actions came long after Plaintiff's medical needs arose and long after she had been seen by another doctor.

In sum, Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b): Deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment, by Iaccuci on August 30, 2017.

Accordingly,

**IT IS ORDERED** that Defendants Jeremy Deppisch, Susan Nygren, and R.N. Owens be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court,

copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Defendant Captain Iaccuci; and

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Defendant Captain Iaccuci shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge